IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**$968,144.76 FROM SECURITY BANK OF KANSAS CITY ACCOUNT NUMBER x7589,**<br><br>**$29,496.71 FROM SECURITY BANK OF KANSAS CITY ACCOUNT NUMBER x8468,**<br><br>**$65,985.00 IN UNITED STATES CURRENCY IN LIEU OF REAL PROPERTY LOCATED AT 1506 MAIN STREET**, GRANDVIEW, MISSOURI,<br><br>**REAL PROPERTY LOCATED AT 8600 NOLAND ROAD, KANSAS CITY, MISSOURI, ALONG WITH ALL ITS BUILDINGS, APPURTENANCES, AND IMPROVEMENTS,** and<br><br>**REAL PROPERTY LOCATED AT 3540 SW PRYOR ROAD, LEE'S SUMMIT, MISSOURI, ALONG WITH ALL ITS BUILDINGS, APPURTENANCES, AND IMPROVEMENTS,**<br><br>Defendants. | Case No. |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Teresa A. Moore, United States Attorney for the Western District of Missouri, and Stephanie C. Bradshaw, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C).

## THE DEFENDANTS *IN REM*

2. The Defendant Properties[1] consist of the following properties:

(a) $968,144.76 from Security Bank of Kansas City account number x7589, titled in the name of Sammy A. Joseph and Adam A. Abbas (hereinafter "SBKC x7589").

(b) $29,496.71 from Security Bank of Kansas City account number x8468, titled in the name of Sammy A. Joseph and Adam A. Abbas (hereinafter "SBKC x8468").

(c) $65,985.00 in United States currency in lieu of real property located at 1506 Main Street, Grandview, Missouri (hereinafter "$65,985.00 in United States currency").

(d) Real property, together with all its buildings, appurtenances, and improvements, known as 8600 Noland Road, Kansas City, Missouri, more fully described as follows:

> Lots 1 and 2, Carlson Addition, a subdivision in Kansas City, Jackson County, Missouri.

(hereinafter "8600 Noland Road"). The record owner of 8600 Noland Road is Adams & Joseph, Inc.

(e) Real property, together with all its buildings, appurtenances, and improvements, known as 3540 SW Pryor Road, Lee's Summit, Missouri, further described as follows:

---

[1] The "Defendant Properties" refers to the five total properties listed in subparagraphs 2(a) through 2(e). The properties listed in subparagraphs 2(a) through 2(c) are referred to herein as the "Defendant Funds." The properties listed in subparagraphs 2(d) through 2(e) are referred to herein as the "Defendant Real Properties."

> Lot 3, Drake Downs, a subdivision in Lee's Summit, Jackson County, Missouri, except that part deeded to the State of Missouri by instrument filed March 26, 2009, under Document No. 2009E0028220, according to the recorded plat thereof.

(hereinafter "3540 SW Pryor Road"). The record owner of 3540 SW Pryor Road is Adams & Joseph, Inc.

3. The Defendant Funds, described in paragraphs 2(a) through 2(c), are presently in the custody of United States Customs and Border Protection.

4. The Defendant Real Properties, described in paragraphs 2(d) through 2(e), have not been seized but are located within the jurisdiction of this Court, as described below. The United States does not request authority from the Court to seize the Defendant Real Properties at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1), post notice of this action and a copy of the Complaint on the Defendant Real Properties, and serve notice of this action on the owners of the Defendant Real Properties and any other person or entity who may claim an interest in the Defendant Real Properties, along with a copy of this Complaint. The United States may elect to file *Lis Pendens* as to the Defendant Real Properties at any time.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the Defendant Properties in the following manners: pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district; pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district, because the Defendant Properties are found in this district, and/or because any Defendant Properties seized outside this district have been brought into this district; and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 18 U.S.C. § 981(h),

because a criminal prosecution of the owner of the Defendant Properties has been brought in this district and the owner of the Defendant Properties is located in this district.

7. Venue is proper in this district in the following manners: pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district; pursuant to 28 U.S.C. § 1395, because the action accrued in this district, because the Defendant Properties are found in this district, because the Defendant Properties are located in this district, and/or because any Defendant Properties that were seized outside this district have been brought into this district; and pursuant to 18 U.S.C. § 981(h), because a criminal prosecution of the owner of the Defendant Properties has been brought in this district.

## BASIS FOR FORFEITURE

8. The Defendant Properties are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), because they constitute or were derived from proceeds traceable to offenses constituting a "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), that is, theft of public money in violation of 18 U.S.C. § 641.

9. The Defendant Properties are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), because they constitute property involved in a transaction or an attempted transaction in violation of 18 U.S.C. § 1957, or are traceable to such property.

## FACTUAL ALLEGATIONS

### EIDL Program

10. The United States Small Business Administration ("SBA") is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by

enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

11. The Economic Injury Disaster Loan ("EIDL") program is an SBA program that provides low interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

12. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") authorized the SBA to provide EIDL loans of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

13. To obtain an EIDL loan, a qualifying business applied to the SBA and provided information about the business's operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDL loans for COVID-19 relief, the 12-month period was from January 31, 2019, to January 31, 2020.

14. EIDL loans were restricted to working capital for businesses to alleviate economic injury caused by the disaster and were not to be used for other purposes. The loan agreement signed to secure EIDL funding states, among other provisions, that the loan proceeds will be used for working capital, and further provides limits on distribution of assets, including loans, gifts, bonuses, or otherwise to any owner, partner, employee, or affiliated company. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

15. EIDL loan applications were submitted directly to the SBA and processed with support from a government contractor. If the application was approved, the amount of the loan was

based, in part, on the information provided by the applicant about employment, revenue, and cost of goods sold. Any funds disbursed under an EIDL loan were issued directly by the SBA.

### Sammy A. Joseph

16. Sammy A. Joseph ("Joseph") is a resident of Lee's Summit, Missouri, and at all times relevant to this action was the president and owner of Adams & Joseph, Inc. ("Adams & Joseph"), which owned and operated multiple gas stations and convenience stores throughout the Kansas City, Missouri metropolitan area.

17. On or about May 5, 2020, Joseph applied for an EIDL loan through the SBA for Adams & Joseph.

18. On June 17, 2020, the EIDL loan was approved. Joseph subsequently requested two modifications of the EIDL loan, which were approved by the SBA on July 14, 2021, and October 22, 2021.

19. Each Loan Authorization and Agreement executed by Joseph—both for the initial loan and the subsequent modifications—provided that "Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020, and continuing thereafter."

20. Between June 2020 and November 2021, a total of $1,869,900.00 in EIDL funds were disbursed to a business checking account controlled by Joseph.

21. After transferring funds to other bank accounts within his control, Joseph improperly used the EIDL funds for his personal benefit by using those funds to purchase a residence in Lee's Summit, Missouri, parcels of land in Kansas City, Missouri and Lee's Summit, Missouri, a building in Grandview, Missouri, and a blue 2019 Chevrolet Camaro.

22. Each of the Defendant Properties is traceable to proceeds of Joseph's theft of public money and/or involved in money laundering activity.

## The Defendant Properties

### *SBKC x7589*

23. SBKC x7589 is a personal savings account titled in the names of Joseph and Adam A. Abbas ("Abbas"). Upon information and belief, Abbas is Joseph's son.

24. On or about February 11, 2022, a bank account controlled by Joseph sent a wire transfer in the amount of $500,350.06 to a bank account titled in the name of Secured Title of Kansas City LLC. Approximately $488,178.00 of the wire transfer was traceable to EIDL proceeds.

25. The wire transfer was for the purchase of real property located at 4395 SW Breezy Point Lane, Lee's Summit, Missouri. Upon information and belief, the property at 4395 SW Breezy Point Lane is a single family residential property.

26. Joseph's use of EIDL proceeds to purchase the 4395 SW Breezy Point Lane residence was in violation of the terms of the EIDL loan.

27. In or about July 2023, Joseph sold the 4395 SW Breezy Point Lane residence.

28. On or about July 7, 2023, a bank account controlled by Joseph received a wire transfer in the amount of $614,787.54 from Security 1st Title. Upon information and belief, those funds were proceeds from the sale of the 4395 SW Breezy Point residence.

29. Joseph subsequently transferred a total of $615,000.00 from the account that received the Breezy Point proceeds to SBKC x7589. The funds were transferred via two separate transactions, in the amounts of $61,500 and $553,500.

30. Upon information and belief, Joseph effected and/or directed transfers of funds to SBKC x7589 with knowledge that such funds were proceeds of his theft of public money.

31. Upon information and belief, a portion of the funds present in SBKC x7589 are not traceable to fraud proceeds. Those funds helped disguise the unlawful transfers and made the theft more difficult to detect.

32. The contents of SBKC x7589 are traceable to proceeds from theft of public money and/or involved in money laundering activity.

### *SBKC x8468*

33. SBKC x8468 is an interest-bearing checking account titled in the names of Joseph and his son, Abbas.

34. On or about September 24, 2021, Joseph issued a personal check drawn on SBKC x8468 in the amount of $27,000.00, payable to McCarthy Chevrolet. The check posted on September 29, 2021. Approximately $23,535.00 of the check was traceable to EIDL proceeds.

35. Upon information and belief, the check was payment for the purchase of a blue 2019 Chevrolet Camaro.

36. Joseph's use of EIDL proceeds to purchase the blue 2019 Chevrolet Camaro was in violation of the terms of the EIDL loan.

37. On or about August 17, 2022, Joseph sold the Camaro to Carmax.

38. Carmax subsequently issued a check payable to Joseph in the amount of $22,000.00, which Joseph deposited into SBKC x8468.

39. Upon information and belief, Joseph effected and/or directed the transfer of funds to SBKC x8468 with knowledge that such funds were proceeds of his theft of public money.

40. Upon information and belief, a portion of the funds present in SBKC x8468 are not traceable to fraud proceeds. Those funds helped disguise the unlawful transfer and made the theft more difficult to detect.

41. The contents of SBKC x8468 are traceable to proceeds from theft of public money and/or involved in money laundering activity.

### *$65,985.00 in United States Currency*

42. On or about June 14, 2023, a bank account controlled by Joseph sent a wire transfer in the amount of $107,276.21 to a bank account titled in the name of McCaffree Short Title Company. Approximately $65,985.00 of the wire transfer was traceable to EIDL proceeds.

43. The wire transfer was for the purchase of real property at 1506 Main Street, Grandview, Missouri. Upon information and belief, the property at 1506 Main Street is a retail use commercial property.

44. Joseph's use of EIDL proceeds to purchase the 1506 Main Street property was in violation of the terms of the EIDL loan.

45. Upon information and belief, Joseph effected and/or directed the transfer of funds to purchase the 1506 Main Street property with knowledge that such funds were proceeds of his theft of public money.

46. On March 4, 2024, the United States District Court for the Western District of Missouri entered an Order in Case No. 23-00246-01-CR-W-HFS, directing $65,985.00 in United States currency to be substituted in lieu of the 1506 Main Street property for purposes of forfeiture.

47. On or about March 8, 2024, attorneys for Joseph delivered a cashier's check in the amount of $65,985.00 made payable to United States Customs and Border Protection.

48. The $65,985.00 in United States currency is traceable to proceeds from theft of public money and/or involved in money laundering activity.

### *8600 Noland Road*

49. On or about February 24, 2022, a bank account controlled by Joseph sent a wire transfer in the amount of $225,000.00 to a bank account titled in the name of National Secured Title LLC. The entire amount of the wire transfer is traceable to EIDL proceeds.

50. The wire transfer was for the purchase of real property at 8600 Noland Road, Kansas City, Missouri. Upon information and belief, the property at 8600 Noland Road is commercial vacant land.

51. Joseph's use of EIDL proceeds to purchase the 8600 Noland Road property was in violation of the terms of the EIDL loan.

52. Upon information and belief, Joseph effected and/or directed the transfer of funds to purchase the 8600 Noland Road property with knowledge that such funds were proceeds of his theft of public money.

53. The funds used to purchase 8600 Noland Road are traceable to proceeds from theft of public money and/or involved in money laundering activity.

### *3540 SW Pryor Road*

54. On or about March 16, 2022, a bank account controlled by Joseph sent a wire transfer in the amount of $125,237.00 to a bank account titled in the name of Coffelt Land Title Inc. Escrow Account. Approximately $91,902.00 of the wire transfer was traceable to EIDL proceeds.

55. The wire transfer was for the purchase of real property located at 3540 SW Pryor Road, Lee's Summit, Missouri. Upon information and belief, the property at 3540 SW Pryor Road is a residential vacant lot.

56. The 3540 SW Pryor Road property was jointly purchased by Joseph and Musallet Real Estate Co. On March 17, 2022, a Trustee's Deed was recorded with the Jackson County, Missouri, Recorder of Deeds, granting 3540 SW Pryor Road to Adams & Joseph and Musallet Real Estate Co.

57. On or about March 14, 2023, Musallet Real Estate Co. disclaimed its interest in the 3540 SW Pryor Road property via a Quit-Claim Deed, and Adams & Joseph was granted sole ownership of the property.

58. On or about March 16, 2023, Joseph issued a personal check drawn on SBKC x8468 in the amount to $125,000.00, payable to EM Real Estate. Upon information and belief, the check was payment for the remainder of the 3540 SW Pryor Road property. Approximately $53,520.00 of the check was traceable to EIDL proceeds.

59. Joseph's use of EIDL proceeds to purchase the 3540 SW Pryor Road property was in violation of the terms of the EIDL loan.

60. Upon information and belief, Joseph effected and/or directed the transfer of funds to purchase the 3540 SW Pryor Road property with knowledge that such funds were proceeds of his theft of public money.

61. The funds used to purchase 3540 SW Pryor Road are traceable to proceeds from theft of public money and/or involved in money laundering activity.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

62. The United States repeats and incorporates by reference the foregoing paragraphs.

63. By the foregoing and other acts, the Defendant Properties constitute, or were derived from, proceeds traceable to violations of 18 U.S.C. § 641, that is, theft of public money, and therefore are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

### SECOND CLAIM FOR RELIEF

64. The United States repeats and incorporates by reference the foregoing paragraphs.

65. By the foregoing and other acts, the Defendant Properties were involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957, or are properties traceable to such a transaction or attempted transaction, and therefore are forfeitable to the United States pursuant to 18 U.S.C § 981(a)(1)(A).

WHEREFORE the United States prays that the Defendant Properties be forfeited to the United States, that the United States be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By: */s/ Stephanie C. Bradshaw*
Stephanie C. Bradshaw
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Email: Stephanie.Bradshaw@usdoj.gov

## VERIFICATION

I, Special Agent Brent Yoshikawa, hereby verify and declare under penalty of perjury that I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs 10 through 61 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as an HSI Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

BRENT Y YOSHIKAWA
Digitally signed by BRENT Y YOSHIKAWA
Date: 2024.04.11 11:18:23 -05'00'

Brent Yoshikawa
Special Agent
Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations